UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

NICHOLE BAIBOS  
16963 Mount Airy Road  
Shrewsbury, Pennsylvania 17361  

    Plaintiffs,

v.                                           Case No. _____

CONNECTYOURCARE, LLC  
307 International Circle, Suite 200  
Hunt Valley, Maryland 21030  

    SERVE:    E. Harrison Stone, Jr.  
                    307 International Circle  
                    Suite 200  
                    Hunt Valley, Maryland 21030  

    Defendant.

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Nichole Baibos ("Plaintiff"), by and through undersigned counsel, hereby files suit against ConnectYourCare, LLC ("Defendant"), and herein seeks declaratory, injunctive, and equitable relief, compensatory damages, costs, and attorney's fees against Defendant for violations of Federal, Maryland, and Pennsylvania law as set forth below.

## PARTIES AND JURISDICTION

1. Plaintiff are adult residents of the Commonwealth of Pennsylvania.

2. Defendant is a Limited Partnership formed under the laws of the State of Maryland with its principal office located in Baltimore County, Maryland.

3. Plaintiff hereby affirms her consent to participate as a Plaintiff in a case seeking unpaid wages and damages under the Federal Fair Labor Standards Act ("FLSA") and for all Federal, Maryland, and Pennsylvania statutory relief sought in this action.

4. At all times, Defendant qualified as Plaintiff's "employer" and Plaintiff was Defendant's "employee" with rights, protections, and privileges under the FLSA, Family Medical Leave Act ("FMLA"), Maryland Wage Hour Law ("MWHL"), Maryland Wage Payment Collection Law ("MWPCL"), and Pennsylvania Minimum Wage Act ("PMWA"), and for all other relief sought in this action.

5. At all times, Defendant was engaged in commerce or in the production of goods for commerce within the meaning of § 3(s)(1) of the FLSA (29 U.S.C. § 203(s)(1)).

6. At all times, Defendant had gross annual revenues exceeding $500,000.00 and otherwise qualified as an "enterprise" within the meaning of § 3(r) of the FLSA (29 U.S.C. § 203(r)).

7. At all times, Plaintiff engaged in work duties across state lines, engaged in cross-state computer and telephone communications, and was otherwise an individual employee engaged in commerce or the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

8. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 (Federal Question) as well as supplemental jurisdiction over Plaintiff's Maryland and Pennsylvania state law claims against Defendant arising out of interrelated operative facts alleged herein.

## FACTS

9. Plaintiff was employed by Defendant for the period of about October 2006 through about November 17, 2016.

10. At all times relevant, Defendant paid Plaintiff on a salary basis at the most recent annual salary of about $90,000.00.

11. While employed, Plaintiff held several job titles including sales operations manager and broker relationship manager.

12. While employed, Plaintiff did not actually perform managerial or administrative job duties but, instead, performed non-exempt sales support duties including the primary duty of preparing sales related materials primarily from the physical location of Plaintiff's home office in Pennsylvania.

13. While employed, Plaintiff regularly worked more than forty (40) hours per week.

14. While employed, the exact number of hours Plaintiff worked varied from week to week depending on the various tasks Defendant assigned Plaintiff.

15. On average, Plaintiff worked about fifty-five (55) or more hours per week.

16. At all times, Defendant had knowledge of or suffered or permitted Plaintiff to work all hours herein alleged and directed Plaintiff to work overtime hours in excess of forty (40) per week.

17. At no time did Defendant pay Plaintiff at the overtime rate of one-and-one-half (1½) times Plaintiff's regular rate of pay for overtime hours worked in excess of forty (40) per week

18. Defendant owes Plaintiff her unpaid "half time" premium wages for overtime hours worked in excess of forty (40) per week.

19. In or about September 2015, Plaintiff required surgery on her wrist and requested FMLA leave to allow her to undergo surgery and rest and recover from the same.

20. Following surgery, Plaintiff, pursuant to doctor's orders, advised Defendant that Plaintiff required several weeks of FMLA leave to rest and recover from surgery.

21. At that time, Plaintiff advised Defendant of the required need for FMLA leave and for rest for her wrist to allow Plaintiff to fully heal so that future injury and/or recurrence of the wrist injury would be less likely.

22. Defendant did not allow Plaintiff to take the requested FMLA leave. To the contrary, Defendant demanded Plaintiff continue to perform work duties during the time it knew Plaintiff was medically required to be resting.

23. Predictably, and largely because Defendant did not allow Plaintiff rest and heal time after the first surgery, in or about October 2016, Plaintiff sought doctor's care for a substantially similar and/or related wrist injury.

24. In or about October 2016, Plaintiff notified Defendant that she would once again require wrist surgery and would need to take FMLA leave to undergo and recover from the surgery.

25. On or about November 1, 2016, Plaintiff and Defendant communicated again regarding the wrist injury and related required and requested FMLA leave and in this conversation Plaintiff advised Defendant the surgery would be set to take place on or about November 22, 2016 and Plaintiff would need to take about five (5) weeks of FMLA leave to recover immediately thereafter.

26. Shortly after this conversation, on or about November 17, 2016, Defendant terminated Plaintiff's employment.

27. Defendant terminated Plaintiff's employment less than one (1) week prior to her surgery with knowledge and because Plaintiff requested FMLA leave.

28.     At the time of Plaintiff's termination, Plaintiff had earned and accrued about twenty-three (23) days of PTO. To date, Defendant has failed and refused to pay Plaintiff the cash value of hear earned and accrued PTO in the amount of about $7,500.00.

29.     Pursuant to Section 5 Plaintiff's Employment Contract signed by Plaintiff and Defendant in or about October 2006 (and relied upon by Plaintiff and Defendant throughout the entire period of Plaintiff's employment), because Plaintiff was terminated by no excluding reason, Defendant was obligated to pay Plaintiff earned severance compensation (earned by means of continued employment for more than ten (10) years) equal to twelve (12) weeks of Plaintiff's salary. To date, Defendant has failed and refused to pay Plaintiff the cash value of her earned severance wages in the amount of about Twenty-One Thousand Dollars ($21,000.00).

30.     Plaintiff has suffered substantially arising out of Defendant's unlawful and retaliatory termination of Plaintiff's employment including the foregoing damages and (1) loss of health benefits including vision, dental, other FSA benefits, and the loss of the $500.00 remaining in her medical flex spending account; (2) ruined 2016 Thanksgiving and Christmas holiday season resulting from not being able to spend Christmas with her son due to financial strain caused by the termination; (3) severe mental and emotional distress; and (4) ongoing lost back and front wages and substantial accompanying financial hardship.

## CAUSES OF ACTION

### COUNT I
### (Violation of Federal Fair Labor Standards Act - Overtime)

31.     Plaintiff re-alleges and reasserts every allegation set forth above as if each were set forth herein.

32. As set forth above, Defendant failed to compensate Plaintiff at the FLSA required overtime rate equal to one-and-one-half (1½) times Plaintiff's regularly hourly rate for all overtime hours worked each week.

33. Defendant's failure to pay Plaintiff as required by the FLSA was with actual knowledge of illegality and was therefore willful and intentional, and was not in good faith.

WHEREFORE, Defendant is liable to Plaintiff for all unpaid overtime wages in an amount as is proven at trial, plus an equal amount in liquidated damages, interest (both pre- and post- judgment), reasonable attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

## COUNT II
### (Violation of Maryland Wage and Hour Law)

34. Plaintiff re-alleges and reasserts every allegation set forth above as if each were set forth herein.

35. As set forth above, Plaintiff performed work duties for the benefit of Defendant (a Maryland employer based in the State of Maryland) for which Defendant failed to compensate Plaintiff at the Maryland Wage Hour Law ("MWHL") required overtime rate equal to one-and-one-half (1½) times Plaintiff's regularly hourly rate for all overtime hours worked each week in excess of forty (40).

36. Defendant's failure to pay Plaintiff as required by the MWHL was with actual knowledge of illegality and was therefore willful and intentional, and was not in good faith.

WHEREFORE, Defendant is liable to Plaintiff for unpaid overtime wages in an amount to be proven at trial, an equal amount as liquidated damages, plus interest (both pre- and post-judgment), reasonable attorney's fees, the costs of this action, and any other and further relief this Court or a jury deems appropriate.

## COUNT III
### (Violation of the Maryland Wage Payment and Wage Collection Law)

37. Plaintiff re-alleges and reasserts every allegation set forth above as if each were set forth herein.

38. Without legal excuse or justification, Defendant (a Maryland employed based in the State of Maryland) withheld and failed to pay Plaintiff all wages due for work duties performed as described above including (1) unpaid wages for work duties performed in excess of forty (40) per week; (2) unpaid earned and accrued PTO wages; and (3) unpaid earned severance compensation wages.

39. Defendant's failure to pay Plaintiff all wages due for work performed was with actual knowledge of illegality and was therefore willful and intentional, was not the result of any bona fide dispute between Plaintiff and Defendant, and was not in good faith.

WHEREFORE, Defendant is liable to Plaintiff for unpaid wages in such an amount as is proven at trial, plus two times (2x) times the amount of unpaid wages as additional damages, interest (both pre- and post-judgment), attorney's fees, costs, and any other further relief this Court or a jury deems appropriate.

## COUNT IV
### (Violation of the Pennsylvania Minimum Wage Act – Overtime Violation)

40. Plaintiff re-alleges and reasserts every allegation set forth in the paragraphs above as if each were set forth herein.

41. While employed, Plaintiff performed the substantial majority of her job duties from her home office in the Commonwealth of Pennsylvania.

42. While performing work duties in the Commonwealth of Pennsylvania, Plaintiff performed work duties for the benefit of Defendant that required overtime compensation at the

rate equal to one-and-one-half (1½) times Plaintiff's regularly hourly rate for all overtime hours worked each week in excess of forty (40).

43. Defendant's failure to pay Plaintiff at the time-and-one-half overtime rate for overtime hours worked per week in excess of forty (40) violated and, continue to violate, the Pennsylvania overtime pay requirement set forth in the Pennsylvania Minimum Wage Act ("PMWA") 43 Pa. C.S.C. § 333.101 et seq.

WHEREFORE, Defendant is liable to Plaintiff for unpaid overtime wages in such an amount as is proven at trial, interest (both pre- and post-judgment), attorney's fees, the costs of this action, and any other and further relief this Court or a jury deems appropriate.

## COUNT V
### Violation of the FMLA
### (Interference Claim)

44. Plaintiff re-alleges and reasserts every allegation set forth above as if each were set forth herein.

45. As set forth above, in September 2015 and again in October and November 2016 Plaintiff requested FMLA leave for surgery and recovery relating to a wrist injury.

46. As set forth above, Plaintiff's 2015 leave request were repeatedly interfered with by Defendant because Defendant refused to allow Plaintiff to rest and recovery from surgery and instead required Plaintiff to perform work duties during her requested leave period.

47. As set forth above, Plaintiff's 2016 leave request was interfered with by Defendant because Defendant terminated Plaintiff after receiving knowledge of Plaintiff's imminent need to take FMLA rather than allow Plaintiff to take FMLA leave for a second wrist surgery and a recovery period from the surgery.

48. Defendant terminated Plaintiff's employment because Plaintiff exercised her rights to take FMLA leave.

49. Defendant's termination of Plaintiff's employment violated the FMLA by interfering with Plaintiff's exercise of Plaintiff's rights under the FMLA.

50. Defendant's actions have caused Plaintiff to suffer substantial damages including loss of wages and benefits as well as substantial emotional and financial strain.

WHEREFORE, Defendant is liable to Plaintiff under this Count for violation of the FMLA and Plaintiff requests the Court Order Defendant to pay Plaintiff back and front pay in amounts to be determined at trial, pay for compensatory damages arising out of Defendant's FMLA violation, and pay Plaintiff's attorney's fees, costs, and any other further relief this Court deems or a jury deems proper.

## COUNT VI
### Violation of the FMLA (Retaliation Claim)

51. Plaintiff re-alleges and reasserts every allegation set forth above as if each were set forth herein.

52. As set forth above, in September 2015 and again in October and November 2016 Plaintiff requested FMLA leave for surgery and recovery relating to a wrist injury.

53. As set forth above, in response to Plaintiff's 2016 FMLA leave request, Defendant retaliated against Plaintiff and terminated her employment with by Defendant because Plaintiff advised Defendant of her imminent need to take FMLA.

54. Defendant retaliated against Plaintiff and terminated Plaintiff's employment because Plaintiff exercised her rights to take FMLA leave.

55. Defendant's termination of Plaintiff's employment violated the FMLA by retaliating against Plaintiff arising out of Plaintiff exercising her rights under the FMLA.

56. Defendant's actions have caused Plaintiff to suffer substantial damages including loss of wages and benefits as well as substantial emotional and financial strain.

WHEREFORE, Defendant is liable to Plaintiff under this Count for violation of the FMLA and Plaintiff requests the Court Order Defendant to pay Plaintiff back and front pay in amounts to be determined at trial, pay for compensatory damages arising out of Defendant's FMLA violation, and pay Plaintiff's attorney's fees, costs, and any other further relief this Court deems or a jury deems proper.

## JURY DEMAND

Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted,

/s/ Gregg C. Greenberg

Gregg C. Greenberg, Bar No. 17291
Zipin, Amster & Greenberg, LLC
8757 Georgia Avenue, Suite 400
Silver Spring, Maryland 20910
(301) 587-9373 (ph)
(240) 839-9142 (fax)
Email: ggreenberg@zagfirm.com

*Counsel for Plaintiff*